UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LESTER K. CORNETTE,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN E. POTTER, in his official capacity as UNITED STATES POSTAL SERVICE POSTMASTER GENERAL, et al.,<br><br>    Defendants. | CASE NO. C09-5373BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff's motion for summary judgment (Dkt. 13), Defendants' cross motion for summary judgment (Dkt. 34), and Plaintiff's motion for reconsideration (Dkt. 47). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants Defendants' motion and denies Plaintiff's motions for the reasons stated herein.

## I. PROCEDURAL HISTORY

On June 23, 2009, Plaintiff Lester K. Cornette filed a pro se complaint against Defendants John E. Potter, in his official capacity as United States Postal Service Postmaster General; Eric Holder Jr., in his official capacity as United States Attorney

ORDER - 1

General; Jeffery C. Sullivan, in his official capacity as United States District Attorney; and Jay Bonner, Ronald Nilsby, Paula Louise Stafford, Bob Huffman, Katherine Nash, Jon Patton, and Robert Montgomery in their official capacities with the United States Postal Service. Dkt. 1 ("Complaint") at 1-2. Plaintiff alleges that Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 200e, et seq. ("Title VII"); the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12203(a) (b); and the Rehabilitation Act of 1973, 87 Stat. 357, as amended, 29 U.S.C. § 701, et seq. ("Rehabilitation Act "). Complaint at 6-26.

On August 26, 2009, Plaintiff filed a motion to compel requesting that the Court order Defendants to participate in the mandatory discovery conferences. Dkt. 10. On September 4, 2009, Defendants responded. Dkt. 12. On September 9, 2009, Plaintiff replied. Dkt. 16.

On September 2, 2009, Plaintiff filed a motion for summary judgment. Dkt. 13.

On September 8, 2009, Defendants answered the complaint (Dkt. 14) and filed a motion to continue Plaintiff's motion for summary judgment and to stay the parties' obligations under the Court's order that set the deadline for a discovery conference. Dkt. 15.

On September 10, 2009, Plaintiff filed a motion for default judgment. Dkt. 17. On September 17, 2009, Defendants responded. Dkt. 19. On September 22, 2009, Plaintiff replied. Dkt. 24.

On September 21, 2009, the Court granted Defendants' motion to continue Plaintiff's motion for summary judgment and to stay the parties' discovery obligations. Dkt. 21.

On October 5, 2009, Defendants responded to Plaintiff's motion for summary judgment and filed a cross-motion for summary judgment. Dkt. 34. On October 8, 2009, Plaintiff replied to Defendants' response to his motion. Dkt. 41. On October 28, 2009,

1 Defendants replied to their motion. Dkt. 43. On November 2, 2009, Plaintiff filed
2 another reply to Defendants' motion. Dkt. 44.

3 On November 20, 2009, the Court issued an order denying Plaintiff's motion to
4 compel, Plaintiff's motion for default, and Plaintiff's motion for default and default
5 judgment. Dkt. 45. On December 1, 2009, Plaintiff filed a motion for reconsideration of
6 that order. Dkt. 47.

## II. FACTUAL BACKGROUND

In their answer, Defendants claim that:

> plaintiff's complaint includes approximately forty pages of unnumbered paragraphs with references to and purported descriptions of the contents of attached exhibits and portions of the administrative record; purported citations to and descriptions of various statutory authorities, as well as judicial decisions; and plaintiff's various allegations and demands . . . .
> Federal Defendants further admit that the plaintiff is an employee of the U.S. Postal Service. During the relevant period the plaintiff was employed by the Postal Service as a custodian at the Seattle Air Mail Center. Federal Defendants admit that the plaintiff applied, but did not qualify for, participation in the Postal Service's Associate Supervisor Program. As a result of his failure to qualify, the plaintiff made a claim for discrimination and retaliation. Federal Defendants admit that the course of that claim's investigation and resolution is set forth in the administrative record.

Dkt. 14 at 2-3.

Defendants claim that the supervisory track for Customer Service, Postal Service, required successful completion of the Associate Supervisor Training Program ("ASP"). In early 2008, Plaintiff applied for admission to the ASP. *See*, Dkt. 35, Affidavit of Jay Bonner ("Bonner Aff."), ¶ 2.

Postal employees interested in applying for the ASP were required to complete and submit a PS Form 991 and a separate statement of qualification of knowledge, skill, or ability ("KSA"). *See id.* ¶ 5. Those that sent in a completed PS Form 991 were then scheduled for the Exam 600, which was a written exam completed on a scantron form and graded by a computer. *Id.* It is undisputed that Plaintiff passed the Exam 600.

The next step in the ASP application process involved assessing the passing applicant's Exam 600 result and his PS Form 991 to determine if the applicant would be

ORDER - 3

interviewed by the Review Committee. *Id*. It is undisputed that Plaintiff passed this stage of the hiring procedure and that the Human Resource Specialist, Jay Bonner, scheduled Plaintiff for an interview with the Review Board. *Id.* ¶ 5.

The members of the Review Board interviewed the applicants who made it to this stage of the process, and assigned numerical scores to each applicant's responses. *See id*. ¶ 6; Dkt. 36, Affidavit of Ronald Nilsby ("Nilsby Aff."), ¶ 4; Dkt. 37, Affidavit of Bobby Huffman ("Huffman Aff.") ¶ 3. It is undisputed that the Review Board interviewed Plaintiff. Defendants claim that the interviewers did not know whether Plaintiff had a disability or had engaged in prior EEO activity. *See* Bonner Aff. ¶ 4; Nilsby Aff. ¶ 3; Huffman Aff., ¶ 2.

Defendants claim that the Executive Board determined the cutoff score for participation in the ASP and that the Executive Board determined the number of applicants who would qualify based upon the number of current EAS-17 supervisor vacancies and anticipated vacancies. Bonner Aff., ¶ 7; Dkt. 38, Affidavit of Katherine Nash ("Nash Aff."), ¶¶ 1-3; Dkt. 39, Affidavit of Robert Montgomery, ¶¶ 1-2; Dkt. 40, Affidavit of Jon Patten, ¶¶ 1-4. Defendants claim that, based on the number of vacancies, the Executive Board determined that the cutoff score of 81 was the lowest acceptable score and, therefore, only those applicants with a score of 81 or higher were eligible for the ASP program. Bonner Aff., ¶ 7. Defendants also claim that, because more than one applicant scored 81, all applicants with that score or a higher score were accepted, even though that meant that more than 40 applicants participated in the ASP. *Id*.

Plaintiff claims that on March 12, 2008, Plaintiff's Group Leader Bob Fitzgerald told Plaintiff that Plaintiff had made it into the ASP. Dkt. 13 at 2. Plaintiff claims that he then called Mr. Bonner and asked about being accepted for the ASP. *Id*. Plaintiff claims that Mr. Bonner said that Plaintiff had not been accepted. *Id*. Plaintiff alleges that the score used to disqualify him was not his score. *Id*. at 3.

1   With respect to Plaintiff's claims of discrimination and retaliation, Defendants claim that the members of the Executive Board did not know that Plaintiff allegedly was disabled or had engaged in prior EEO activity. *See, e.g.*, Nash Aff., ¶ 3.

Defendants claim that Plaintiff was not accepted into the ASP because his interview score was 79, which fell below the cut-off score of 81. Bonner Aff., ¶; Dkt. 34, Exh. A (March 13, 2008 letter to Plaintiff).

### III. DISCUSSION

As a threshold matter, the parties dispute Plaintiff's claims and the proper Defendants for those claims. Although Plaintiff claims a violation of the Americans with Disabilities Act of 1990 ("ADA"), the exclusive remedy for a federal employee claiming discrimination based on disability is under the Rehabilitation Act of 1973. *See* 29 U.S.C. §§ 791 et seq.; *Johnston v. Horne*, 875 F.2d 1415, 1418-19 (9th Cir. 1989), *overruled on other grounds*, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990). Therefore, the Court dismisses Plaintiff's ADA claim.

Defendants argue that the Court should dismiss all claims against all Defendants except Defendant Potter because the Court is without subject matter jurisdiction. The Court agrees because Plaintiff's Title VII and Rehabilitation Act claims may only be brought against his employer the Postmaster General. *See Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir. 1986) (ADEA); *Johnston*, 875 F.2d at 1418-19 (9th Cir.1989) (Rehabilitation Act). Therefore, the Court dismisses Plaintiff's claims against Eric Holder Jr., in his official capacity as United States Attorney General; Jeffery C. Sullivan, in his official capacity as United States District Attorney; and Jay Bonner, Ronald Nilsby, Paula Louise Stafford, Bob Huffman, Katherine Nash, Jon Patton, and Robert Montgomery in their official capacities with the United States Postal Service.

The Court now turns to the parties' cross-motions for summary judgment on Plaintiff's claims against Defendant Potter.

## A. Summary Judgment Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

1 In addition, "[i]t is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact. We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).

**B.    Rehabilitation Act**

To state a prima facie case for disability discrimination under the Rehabilitation Act, a plaintiff must demonstrate that (1) he is a person with a disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination because of his disability. *Walton v. U.S. Marshals Service*, 492 F.3d 998, 1005 (9th Cir. 2007).

To state a prima facie case for failure to accommodate under the Rehabilitation Act, a plaintiff must show that (1) he is a qualified individual with a disability, (2) accommodation is required to enable him to perform essential job functions, and (3) reasonable accommodation is possible. *Buckingham v. U.S.*, 998 F.2d 735, 739-40 (9th Cir. 1993).

In this case, Defendant argues that Plaintiff has failed to show that he has a disability, that he was discriminated against, or that he did not receive reasonable accommodation. Dkt. 34 at 8-12. The Court will address each of these contentions.

**1.    Disability**

The Rehabilitation Act defines an "individual with a disability" as one who (1) has a physical or mental impairment that substantially limits one or more major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment by the person's employer. 29 U.S.C. § 705(20)(B). The Ninth Circuit looks to the standards applied under the ADA to determine whether a violation of the Rehabilitation Act occurs in the employment context. 29 U.S.C. § 794(d); *Coons v. Secretary of the U.S. Dept. of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004).

In this case, Plaintiff alleges that he "suffers from a disability that is life threatening and limits [his] activities. <u>Breathing</u>." Complaint at 10 (emphasis in original).

Defendant claims that, during the administrative investigation of Plaintiff's claims, Plaintiff alleged that he suffered fromسleep apnea. Dkt. 34 at 11. For either alleged disability, Plaintiff has failed to establish that (1) he had a record of such an impairment or (2) that his employer regarded him as having such an impairment. This is not a finding that Plaintiff does not suffer from these disabilities or that, if he does suffer from these disabilities, he is not substantially limited in a major life activity. This is merely a finding that Plaintiff has failed to meet his burden of proof as to each element under the Rehabilitation Act.

Plaintiff also asserts that the record shows that he has "FMLA and disability as a Retired Disabled Veteran." Dkt. 44 at 1. This, however, is a bare assertion without factual support and does not satisfy any of the three requirements under 29 U.S.C. § 705(20)(B).

Therefore, the Court grants Defendant's motion for summary judgment on Plaintiff's claim under the Rehabilitation Act because he has failed to establish that he is an individual with a disability.

**2. Discrimination**

Defendant argues that even "if there is a genuine issue of material fact as to whether Mr. Cornette was disabled as of the time of the ASP application process, his claim for disability discrimination must fail." Dkt. 34 at 11. The Court agrees because Plaintiff has failed to submit any facts that would tend to prove that he was discriminated against *because of* his disability. Instead, Plaintiff merely alleges that he has a disability and that he was discriminated against in the application procedure for the ASP and therefore he suffered discrimination because of his disability. Defendant has submitted admissible evidence that the Executive Review Board, the decision maker for the application process, was unaware of Plaintiff's alleged disabilities. Plaintiff has failed to submit evidence contradicting these facts. Therefore, the Court grants Defendant's

motion for summary judgment on Plaintiff's claim for disability discrimination under the Rehabilitation Act.

### 3. Accommodation

Defendant argues that Plaintiff "has failed to establish his failure to accommodate claim, even if the Court were to find a genuine issue of material fact as to whether he was disabled at the time of the application process." Dkt. 34 at 11. Under the Rehabilitation Act, "reasonable accommodation" means "[m]odifications or adjustments to a job application process that enable a qualified applicant with a disability to be considered for the position such qualified applicant desires." 29 C.F.R. § 1630.2(o)(1)(i). To trigger liability for failure to accommodate, a plaintiff has an initial duty to inform the employer of the disability and to request an accommodation. *See, e.g., Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1114 (9th Cir. 2000), *vacated and remanded on other grounds*, 122 S. Ct. 1516 (2002).

In this case, Plaintiff has failed to submit any evidence that he notified his employer of his alleged disabilities or that he requested any specific accommodation. Therefore, the Court grants Defendant's motion for summary judgment on Plaintiff's claim for failure to accommodate under the Rehabilitation Act because Plaintiff has failed to meet his burden.

## C. Retaliation

Defendant claims that Plaintiff has not specified the federal statute under which he brings his retaliation claim. Dkt. 34 at 12-13. The analysis, however, is the same under either Title VII or the Rehabilitation Act. *See Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) (Title VII); *Coons*, 383 F.3d at 887-888 (Rehabilitation Act). To establish a retaliation claim, a plaintiff must show (1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two. *Brooks*, 229 F.3d at 928.

In this case, Plaintiff has failed to show a prima facie case of retaliation because he has failed to show any link between his alleged protected activity and the alleged adverse employment action. In fact, he has no evidence that any member of the Executive Board knew he had engaged in prior EEO activity. Even if the Court did consider as evidence Plaintiff's allegation that the board members had "access" to discover his prior EEO activity, Defendant has put forth a legitimate, non-retaliatory basis for the adverse employment action by submitting evidence that Plaintiff did not receive a high enough score to be considered for the program. In light of this non-retaliatory basis, Plaintiff has failed to show that this basis is merely pre-text for unlawful retaliation. Therefore, the Court grants Defendant's motion for summary judgment on Plaintiff's retaliation claim because Plaintiff has failed to meet his burden.

**D.    Plaintiff's Motions**

The Court denies Plaintiff's motion for summary judgment because the Court grants Defendant's motion for summary judgment on all of Plaintiff's claims. The Court also denies Plaintiff's motion for reconsideration because Plaintiff's arguments are without merit.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's motion for summary judgment (Dkt. 13) is **DENIED**, Defendants' cross motion for summary judgment (Dkt. 34) is **GRANTED**, and Plaintiff's motion for reconsideration (Dkt. 47) is **DENIED**.

DATED this 21st day of December, 2009.

BENJAMIN H. SETTLE
United States District Judge